ANN H. BARNES ET AL. *v.* SILAS T. GREEN ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—253.]

**Claims Against Insolvent Estate.**

The effect of a court order preventing creditors from instituting suits at law to collect their claims against an insolvent estate does not deny to them the right of collecting their claims in the manner provided by the statute for the settlement of decedent's estates, and where they fail to present their claims properly verified within the statute of limitations their claims are barred by such statute.

## APPEAL FROM MADISON CIRCUIT COURT.
### September 22, 1881.

OPINION BY JUDGE PRYOR:

Barnes died in the year 1863, and administration was granted on his estate to Silas Green in the same year. Green filed his petition in equity in the year 1864, for the settlement of the estate as an insolvent one. The creditors were made parties, and an order entered as authorized by the statute enjoining them from proceeding at law to coerce their claims of the administrator. The appellants filed their claims with the commissioner without sufficient verification, and in 1866 or 1867 the petition and proceedings under it were filed away. Why this step was taken does not appear. In the meantime the administrator, Green, had made an assignment of his estate, or if not it was placed in the hands of A. R. Burnam as trustee. The action remained filed away until the year 1877, when the widow and children of Barnes filed a petition in equity against Green and Burnam for a settlement of his acts and for judgment. On motion of the defendants, the old case filed by Green was then redocketed and consolidated with the action filed by the widow and children against him. These appellants, as creditors who had filed their claims in the original action instituted by the administrator, appeared before the commissioner, alleging that their several debts were unpaid, and asking for a judgment. None of these claims are verified as required by the statute, and to any allowance for their payment the widow and children excepted, relying also on the statute of limitations.

The claims, each and all, should have been rejected, first, because they were not properly verified, and, second, because the statute was a bar to any recovery. The effect of the order preventing the creditors from instituting suit or actions at law did not deny to them the right of collecting their claims in the manner provided by the statute for the settlement of decedent's estates. It was their duty to present their claims, properly verified, to the court or its commissioner, and when this was done they had done all that was required to prevent the statute from running, unless their laches in not compelling a settlement for the period of ten years would defeat their recovery. We are not satisfied after the lapse of such a time, with the papers filed away,

that the case ought to have been redocketed, but on the contrary it would look like an abandonment of the action by both the administrator and creditors. It is not necessary, however, to determine this question, as the claims were not proven and never in a condition for payment, and the case must stand as if the creditors had presented their claims all due on open accounts for the first time in the year 1877.

The fact that the representative promised to pay these debts does not alter nor change the rule. They must be verified as required by law before the administrator is required to pay them, and in this controversy between the widow and heirs on the one side and the representative and creditors on the other they should be allowed to rely on the statute, as well as defend on the merits.

The judgment is *reversed* with directions to disregard their claims in the settlement between Green and the appellees.

*Chenault & Bennett, for appellants.*

*J. W. Caperton, for appellees.*

[Cited, *Dugan's Admr. v. Mitchell*, 5 Ky. L. 150; *Biggs v. Lexington R. Co.*, 79 Ky. 470, 3 Ky. L. 263.]